### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT CHARLES JONES,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | ) Case No.  CIV-11-894-W |
| | ) |
| **JOSEPH L. TAYLOR, Warden,** | ) |
| | ) |
| **Respondents.** | ) |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254.  Respondent has filed a motion to dismiss [Doc. #9] and brief in support [Doc. #10] (Respondent's Brief) alleging that the petition should be dismissed as untimely pursuant to 28 U.S.C. §2244(d).  Petitioner has not responded to the motion to dismiss.   For the reasons set forth hereafter, it is recommended that Respondent's motion be granted and the petition dismissed as untimely.

### I.    Background

Petitioner challenges the constitutionality of his December 6, 2004, convictions and resulting sentences imposed after his plea of *nolo contendere* to charges of distribution of child pornography, in Case No. CF-2004-457, District Court of Canadian County, and for child sexual abuse, Case No. CF-2004-458, District Court of Canadian County. Respondent's Motion, Ex. 1 (Docket Sheet Case No. CF-2004-457) and Ex. 2 (Docket Sheet Case No. CF-2004-458).  Petitioner did not seek to withdraw his pleas or to appeal his convictions.

On August 9, 2010, Petitioner filed applications in both cases for post-conviction relief in the District Court of Canadian County. Respondent's Brief, Ex. 3 (Application for Post-Conviction Relief). Petitioner asserted two grounds for relief: that he had not been informed that he would have to serve 85% of his sentence before he would be eligible for parole and that his trial counsel was ineffective in failing to inform him of the 85% rule. *Id.* The trial court denied Petitioner's application for post-conviction relief on August 18, 2010. Respondent's Brief, Ex. 4 (Summary Ruling).

On September 27, 2010, Petitioner filed a petition in error with the OCCA, to appeal the trial court's denial of his application for post-conviction relief. Respondent's Brief, Ex. 2 (Petition in Error). On October 22, 2010, the OCCA declined jurisdiction of Petitioner's post-conviction appeal because it was not timely filed. Respondent's Brief, Ex. 6 (Order Declining Jurisdiction). Thereafter, on November 16, 2010, Petitioner filed a second application for post-conviction relief seeking an appeal out of time. The application was denied on March 10, 2011. Response, Ex. 1 at 8; Ex. 2 at 7.

Petitioner signed his petition for federal habeas relief on August 4, 2011, raising the issues he asserted in his applications for post-conviction relief. Respondent contends that the Petition should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**II.     AEDPA Limitations Period**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court,"

running from the latest of:

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

    **A.**     **Timeliness under § 2244(d)(1)(A)**

As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B),(C), or (D). *Preston v. Gibson,* 234 F.3d 1118, 1120 (10th Cir. 2000). Under Oklahoma law, Petitioner had ten days from the date of his nolo pleas to move to withdraw his pleas. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals. Petitioner did not attempt to withdraw his pleas, however, and as a result, his convictions became final for purposes of § 2244(d)(1)(A) on December 16, 2004. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (convictions pursuant to guilty pleas were final ten days after entry of judgment and sentence where petitioner failed to appeal conviction) (*citing* Okla. Stat. tit. 22, § 1051;

OCCA Rule 4.2). The one-year limitations period began to run on the following day, December 17, 2004, and Petitioner had until December 17, 2005, to file his federal habeas action. *See Haws v. Jorgenson*, 219 Fed. Appx. 781, 783 (10th Cir. 2007) ("Haws' conviction became final on January 28, 2004, and the one year period of limitations commenced the next day, January 29, 2004."); *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (general rule for computing time limitations in federal courts, when a statute of limitations is measured in years, is the anniversary date method). Petitioner executed his petition on August 4, 2011, and filed it on August 8, 2011. The petition is clearly untimely under § 2244(d)(1)(A), absent statutory or equitable tolling. The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction relief . . . is pending," 28 U.S.C. § 2244(d)(2); *Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). On August 9, 2010, Petitioner filed an application for post-conviction relief. Respondent's Brief, Ex. 3 (Application for Post-Conviction Relief). The district court denied the application on August 18, 2010. Respondent's Brief, Ex. 4 (Summary Ruling). Petitioner filed a petition in error with the OCCA on September 27, 2010. Respondent's Brief, Ex. 5 (Petition in Error). On October 22, 2010, the OCCA declined jurisdiction over Petitioner's post-conviction appeal because the appeal was not timely filed. Respondent's Brief, Ex. 6 (Order Declining Jurisdiction). For a post-conviction action to toll the limitation period under § 2244(d)(2), the application for post-conviction relief must have been filed within the one-year limitation period. *See e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA

will toll the statute of limitations."). Because Petitioner's application for post-conviction relief was filed over five years after the limitation period had expired, the application for post-conviction relief did not toll the limitation period under § 2244(d)(1)(A).

### B.     Timeliness under 28 U.S.C. § 2241(d)(1)(D)

Petitioner contends, however, that he did not learn that he would have to serve 85% of his sentence until September 22, 2009. Petition at 7. Even assuming that September 22, 2009, was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[,]" the AEDPA limitation period would have begun to run on September 23, 2009, and Petitioner's federal habeas petition would still be time barred. Under this scenario, the AEDPA's limitation period would have expired on September 23, 2010, absent tolling. Petitioner's application for post-conviction relief, filed on August 9, 2010, would have tolled the running of the limitation period with 44 days remaining. The trial court denied the application for post-conviction relief on August 18, 2010. Under Oklahoma law,[1] Petitioner had thirty days, until September 17, 2010, in which to appeal the denial of post-conviction relief to the OCCA. Because Petitioner did not file his petition in error until September 27, 2010,[2] the petition was untimely. Respondent's Brief, Ex. 5 (Petition in Error).

Because his appeal was untimely and, therefore, not "properly filed," Petitioner's

---

[1] Rule 5.2(C)(2), Rules of the Oklahoma Court of Criminal Appeals.

[2] The OCCA declined jurisdiction on October 22, 2010. Respondent's Brief, Ex. 6 (Order Declining Jurisdiction).

limitation period was tolled for only thirty days, the period during which he could have filed a timely post-conviction appeal. *See Gibson v. Klinger*, 232 F.3d 799, 804-806 (10th Cir. 2000) (under Oklahoma law, tolling is allowed for thirty days after the denial of the application for post-conviction relief; the limitation period begins to run upon the expiration of the thirty-day grace period if no appeal is filed or if an appeal fails on procedural grounds). Therefore, Petitioner's limitation period resumed running on September 18, 2010, with 44 days remaining, and expired on or about October 31, 2010. Thus, Petitioner's federal habeas petition, filed August 8, 2011, would be time barred, even if the triggering date were September 22, 2009, the date of the alleged discovery of the "factual predicate."

Petitioner requested leave to file a post-conviction appeal out-of-time by filing a second application for post-conviction relief on November 16, 2010. This second application for post-conviction relief was filed after the expiration of the limitation period, however calculated, and therefore had no tolling effect on either period.

    **B.**    **Equitable Tolling**

The Supreme Court has recently held that AEDPA's statutory limitation period is subject to equitable tolling "in appropriate cases." *See Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010). Equitable tolling is warranted, however, only "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (*quoting Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (internal quotation marks omitted). Generally, courts will consider the merits of an otherwise untimely habeas petition only where the petitioner "show[s] specific facts," demonstrating "(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (*quoting Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (internal quotation marks omitted); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (observing that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Where a petitioner does present the truly exceptional case in which he is actually innocent, federal courts allow for an "exception to [the] procedural barriers for bringing constitutional claims, regardless of whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." *Lopez v. Trani*, 628 F.3d 1228, 1230–31 (10th Cir. 2010). In other words, when a habeas petitioner is seeking equitable tolling on actual innocence grounds, he need not "demonstrate that he diligently pursued his actual innocence claim." *Id.* at 1231. He must, however, articulate a "colorable claim of factual innocence"; that is, he must present "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995). Under this rigorous standard, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in . . . light of the new evidence." *Schlup*, 513 U.S. at 327.

In this case, Petitioner does not contend that he is actually innocent of the crimes for which he was convicted. Rather, his claims are based solely on his contention that he was not informed, before entering his pleas, that he would be required to complete 85% of his

7

sentence before becoming eligible for parole. Accordingly, equitable tolling does not apply, and Respondent's motion to dismiss the petition as untimely should be granted.

## **RECOMMENDATION**

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition be dismissed. Petitioner is advised of his right to object to this Report and Recommendation by the 3rd day of November, 2011, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1, by filing any objections with the Clerk of the District Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 14th day of October, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE