IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

DEC 07 2011

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

ROBERT CHARLES JONES, )
)
    Petitioner, )
)
vs. ) No. CIV-11-894-W
)
JOSEPH L. TAYLOR, Warden, )
)
    Respondent. )

## ORDER

On October 14, 2011, United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Joseph L. Taylor, Warden, be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Robert Charles Jones pursuant to title 28, section 2254 of the United States Code be dismissed.

Jones was advised of his right to object, see Doc. 12 at 8, and the matter now comes before the Court on Jones' Response to Magistrate Report and Recommendation, see Doc. 15, and his request that the Court take judicial notice of the decision of the Oklahoma Court of Criminal Appeals ("OCCA") in Pickens v. State, 158 P.3d 482 (Okla. Crim. 2007). See Doc. 16.

Upon de novo review of the record, the Court concurs with Magistrate Judge Roberts' suggested disposition of Taylor's Motion to Dismiss as well as her recommendation that the Court dismiss this matter as time-barred.

Jones' Petition and the grounds raised therein are subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996

("AEDPA"), 28 U.S.C. § 2244(d)(1). For purposes of the AEDPA, Jones' convictions in the District Court of Canadian County, Oklahoma, after his pleas of nolo contendere to charges of distribution of child pornography, State v. Jones, No. CF-2004-457, and of child sexual abuse, State v. Jones, No. CF-2004-458, became final on December 16, 2004. The one-year limitations period began to run on December 17, 2004, and Jones therefore had until December 17, 2005, to seek relief under section 2254. The instant Petition was executed on August 4, 2011, see Doc. 1 at 14, and file-stamped August 8, 2011. Accordingly, the claims in Jones' Petition are time-barred unless Jones has established that the one-year limitations period has been tolled.

The records reveals that Jones is neither entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), nor entitled to equitable tolling. E.g., Holland v. Florida, 130 S. Ct. 2549 (2010).

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 12] issued on October 14, 2011;

(2) GRANTS Taylor's Motion to Dismiss Petition for Habeas Corpus as Time Barred by the Statute of Limitations [Doc. 9] filed on September 1, 2011;

(3) DISMISSES Jones' Petition with prejudice; and

(4) GRANTS Jones' request to take judicial notice [Doc. 16] of the OCCA's decision in Pickens for the sole and limited purpose that a copy of the decision shall be deemed a part of the record in this matter; but

(5) DENIES Jones' request therein that the Court in accordance with <u>Pickens</u> allow Jones to withdraw his state court pleas of nolo contendere. <u>See</u> Doc. 16 at 2.

ENTERED this __7th__ day of December, 2011.

LEE R. WEST
UNITED STATES DISTRICT JUDGE