# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT CHARLES JONES, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-11-894-W ) |
| JOSEPH L. TAYLOR, Warden, | ) ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

**I.    Relevant case history.**

On August 8, 2011, Petitioner, a state prisoner, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Doc. 1. He challenged his December 6, 2004 convictions and sentences that followed his plea of nolo contendere to charges of distribution and possession of child pornography, sodomy, and child sexual abuse. Doc. 1, at 1.[1] As grounds for relief, Petitioner maintained (1) that he was denied due process because he was not advised prior to his plea that he would be required to serve 85% of his sentence before becoming eligible for parole, (2) that his counsel was ineffective in not advising him of the 85% requirement, and (3) that he was denied an evidentiary hearing. *Id.* at 5, 6, and 9. Petitioner acknowledged that his petition was untimely, explaining that he

---

[1]    Page citations to the petition and the instant motion are in sequential order and reflect this court's CMECF pagination.

did not become aware that he "was serving 85% term"[2] until advised by a prison records supervisor on September 22, 2009. *Id.* at 5, 13.

The Respondent moved to dismiss the petition as time-barred and argued that the petition was untimely even if Petitioner's habeas limitation period did not begin until September 22, 2009. Doc. 10, at 5. Petitioner failed to respond to the motion despite being provided with a sua sponte extension of time and the opportunity to file any new evidence that was "relevant to the issue of the timeliness of the petition . . . ." Doc. 11, at 1.

Retired United States Magistrate Judge Bana Roberts recommended the petition be dismissed as untimely. Doc. 12. Petitioner objected, asserting for the first time that while he became aware of the applicability of the 85% rule on September 22, 2009, he did not realize the constitutional implications until he discovered certain case rulings on July 24, 2010. Doc. 15, at 3. He alleged he was prevented from an earlier discovery of this case law due to his facility's inadequate legal resources and that from November 21, 2009 until May 11, 2010, he had no library access and no access to a copy of Oklahoma's court rules and procedures until sometime after August 2010. *Id.* at 5, 6. Petitioner submitted affidavits in connection with the latter claims. *Id.* at 8, 9.

---

[2] Unless otherwise indicated, quotations in this report are reproduced verbatim.

By order and judgment of December 7, 2011, this court dismissed the petition with prejudice on the grounds that it was time-barred. Docs. 17, 18. Petitioner appealed, and on June 11, 2012, the Tenth Circuit dismissed the appeal, finding that the limitations period "commenced no later than September 22, 2009, when [Petitioner] allegedly learned the factual predicate of his claim" and that the "one-year period . . . expired by November 1, 2010, well before the filing of his August 8, 2011, application under § 2254." Doc. 28, at 3. The court rejected Petitioner's equitable tolling claim – after considering the same arguments presented on objection to this court – and found no need for an evidentiary hearing "because the record conclusively demonstrates that he was not entitled to relief." *Id.* at 3-5.

Petitioner is now back before this court pursuant to Fed. R. Civ. P. 60(b)(1), (3), and (6), requesting relief from the December 7, 2011 judgment. Doc. 30. Petitioner filed this "Motion for Relief" on December 13, 2012, with the litigants styled as captioned above but omitting a case number, writing below the field that it was "[t]o be supplied by Clerk." *Id.* The Clerk opened the matter as a new case.[3] *See* Case No. CIV-12-1387-M, Doc. 1. The court

---

[3] The Clerk's decision was consistent with the fact that Petitioner not only left a blank for a new case number but also sought permission to proceed in forma pauperis as he would when filing a new habeas petition. *See* Case No. CIV-12-1387-M, Doc. 2.

3

ultimately dismissed the new action on February 26, 2013, "without prejudice to the filing of a copy of the 'Motion for Relief' in petitioner's previous habeas proceeding, *Jones v. Taylor*, Case No. CIV-11-894-W." Case No. CIV-12-1387-M, Doc. 13. Petitioner mailed a copy of the relevant papers to the Clerk on May 15, 2013, and his request for relief from judgment was filed in the above-captioned case on May 17, 2013. Docs. 29, 30. United States District Judge Lee R. West referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(3). Doc. 31.

On review of the filings in this matter, the undersigned recommends that Petitioner's request for relief pursuant to Fed. R. Civ. P. 60(b) be denied – without requiring a response by Respondent – for the following, alternative reasons.

II. Analysis.

    A. **Petitioner's motion is a true Rule 60(b) motion and not a successive habeas petition.**

"[W]hen . . . presented with a Rule 60(b) motion in a habeas . . . case . . . [t]he district court should first determine . . . whether the motion is a true Rule 60(b) motion or a second or successive petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006). Here, Petitioner makes virtually identical assertions and arguments in three of the six enumerated grounds for relief

under Rule 60(b) to assert, once again, that this court incorrectly dismissed his habeas petition on statute of limitations grounds. Thus, it is a true 60(b) motion. *Id.* ("[A] 60(b) motion that challenges only the federal habeas court's ruling on procedural issues should be treated as a true 60(b) motion rather than as a successive petition.").

In this regard, Petitioner first invokes Rule 60(b)(1), which permits relief from judgment on account of mistake, inadvertence, surprise, or excusable neglect. Doc. 30, at 1-6. He maintains the court committed legal error in considering the circumstances that prevented him from filing his habeas petition in a timely manner and, in addition, by denying him the opportunity to present supporting evidence. *Id.* Petitioner argues the court neglected to consider that the sentencing court hid the application of the 85% rule from him and that it was then kept hidden by the actions of both the Oklahoma Department of Corrections (DOC) and the parole board until September 22, 2009. *Id.* at 4-5. Repeating the same equitable tolling claims rejected by the Tenth Circuit – inadequate and unavailable legal resources – he maintains the court further neglected to consider the obstacles that prevented "his realization of actionable injury and his right to appeal until July 24, 2010." *Id.* at 5-6.

Petitioner also invokes Rule 60(b)(3), asserting he is entitled to relief due to misconduct by his "adversary." *Id.* at 6. Whereas he alleges under Rule

5

60(b)(1) that he is entitled to relief from judgment because of the court's failure to properly consider various circumstances, Petitioner claims under Rule 60(b)(3) – allowing relief for fraud, misrepresentation, or misconduct by an opposing party – that these circumstances are the wrongful actions and fault of the sentencing court, the DOC, the parole board, and his prison facility. *Id.* at 6-9.

Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Petitioner also claims entitlement to relief under this ground, repeating his previous allegations and arguing that relief is warranted in the interests of justice. Doc. 30, at 9-13.

The merits of Petitioner's motion – and its three grounds – aside, "[b]ecause petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005). Consequently, it is a true Rule 60(b) motion, and this court "should rule on it as it would any other Rule 60(b) motion." *Spitznas*, 464 F.3d at 1217.

### B. Timeliness of Petitioner's Rule 60(b) motion.

#### 1. Rule 60(b)(1) and (b)(3).

All Rule 60(b) motions must be made within "a reasonable time" and motions asserting Rule 60(b)(1) and (b)(3) grounds must be filed no later than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Here, Petitioner

6

seeks relief from judgment entered on December 7, 2011. Doc. 30, at 1. His motion, however, was not received by the court until December 13, 2012.[4] *Id.* Nonetheless, Petitioner claims entitlement to the prison mailbox rule, "certify[ing]" that he placed "a true and correct" copy of his motion "in the facility mail at Cimarron Correctional Facility" on December 4, 2012 – some nine days before it was received by the court. *Id.* at 15. Petitioner's notarized statement to that effect is belied by the fact that Exhibit F to his motion is a Corrections Corporation of America memorandum dated December 9, 2012 – one year and two days after the December 7, 2011 entry of judgment, five days after Petitioner states that he placed the motion in the mail, and four days before the motion was received by the court.[5]

It is Petitioner's burden to establish timely filing. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005); *United States v. Ceballos-Martinez*, 387 F.3d

---

[4] For purposes of this timeliness analysis, the undersigned accepts the date Petitioner's motion was filed as a new proceeding rather than the date it was ultimately filed in this case. In connection with that new proceeding and with the issue of timeliness, it was reported that Petitioner's Rule 60(b) motion was "timely filed" in the instant case as it "was filed only six days after the order and judgment were entered" in this case. *See* Case No. CIV-12-1387-M, Doc. 11, at 2. This is not correct. The motion was filed *one year* and six days after entry of judgment in this case.

[5] In this same vein, Petitioner's mailing envelope reveals that it was received by his facility on December 11, 2012, and post-marked that same day. Doc. 30, at 17. It was then received by the Clerk on December 13, 2012. *Id.*

1140, 1143-44 (10th Cir. 2004). Petitioner's own evidence establishes that his Rule 60(b) motion was necessarily filed more than a year after the entry of judgment. Accordingly, Petitioner's motion for relief under Rule 60(b)(1) and (b)(3) is untimely. Fed. R. Civ. P. 60(c)(1).

### 2. Rule 60(b)(1).

Under Rule 60(b)(1), this court may relieve Petitioner from judgment where "the judge has made a substantive mistake of law or fact in the final judgment or order." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). Tenth Circuit law "require[s] that such a motion be filed within the time frame required for the filing of a notice of appeal." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 578 (10th Cir. 1996). *See also Van Skiver v. U.S.*, 952 F.2d 1241, 1244 (10th Cir. 1991) ("[R]elief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired.").

Petitioner's Rule 60(b)(1) motion – filed more than a year after final judgment – was not within the time period for filing a notice of appeal. Accordingly, Petitioner's motion for relief under Rule 60(b)(1) is untimely.

### 3. Rule 60(b)(6).

A Rule 60(b) motion must be made within "a reasonable time" after the entry of judgment. Fed. R. Civ. P. 60(c)(1). Nonetheless, relief is not available

under Rule 60(b)(6) on grounds that are time-barred under the Rule 60(b)'s five other clauses. *See United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002) ("The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."). Because Petitioner's overarching claim – that this court incorrectly dismissed his habeas petition on statute of limitations grounds – is, for argument's sake, available under Rule 60(b)(1), "it is not available as 'any other reason' under clause (6) [and he] cannot so easily escape the time restrictions on Rule 60(b)[1] motions." *Id.* Accordingly, Petitioner's motion for relief under Rule 60(b)(6) is untimely.

### C. The merits of Petitioner's Rule 60(b) motion.

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). A party "shows exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment." *Van Skiver,* 952 F.2d at 1243-44. Petitioner has not done so in this case. As previously demonstrated, *supra* at 3, 5-6, the arguments Petitioner makes in his Rule 60(b) motion are the same arguments he made to this court

and on appeal to the Tenth Circuit.[6] Docs. 15, 28. Those arguments were fully considered and rejected. "Motions under Rule 60(b) 'are inappropriate vehicles to reargue an issue previously addressed by the court.'" *Davis v. Simmons*, 165 F. App'x 687, 690 (10th Cir. 2006) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). Dismissal on the merits of Petitioner's Rule 60(b) motion is warranted.

## III. Recommendation and notice of right to object.

For the alternative reasons set forth above, the undersigned Magistrate Judge recommends that Petitioner's request for relief pursuant to Fed. R. Civ. P. 60(b) be denied.

The parties are advised of their right to object to this Report and Recommendation by June 27, 2013, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. The parties are further advised that failure to make timely objection to the Report and Recommendation waives the right to appellate

---

[6] Before this court and the Tenth Circuit, Petitioner maintained he was denied access to the prison library from November 21, 2009 until May 11, 2010. Doc. 15, at 6, 8; Doc. 28, at 4. In his Rule 60(b) motion, Petitioner impeaches his own evidence in an apparent attempt to extend that time through the first week of July 2010 by submitting unsworn evidence – the memorandum that was dated after the purported mailing of his motion. Doc. 30, at 5, Ex. 7.

review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in this case.

IT IS SO ORDERED this 7th day of June, 2013.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE