IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 1 0 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| ROBERT CHARLES JONES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | No. CIV-11-894-W |
| ) | |
| JOSEPH L. TAYLOR, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

On October 14, 2011, retired United States Magistrate Judge Bana Roberts issued a Report and Recommendation in this matter and recommended that the Motion to Dismiss filed by respondent Joseph L. Taylor, Warden, be granted and that the Petition for Writ of Habeas Corpus ("Petition") filed by petitioner Robert Charles Jones pursuant to title 28, section 2254 of the United States Code be dismissed. See Doc. 12. Jones was advised of his right to object, see Doc. 12 at 8, and the matter came before the Court on Jones' Response to Magistrate Report and Recommendation, see Doc. 15, and his request that the Court take judicial notice of the decision of the Oklahoma Court of Criminal Appeals ("OCCA") in Pickens v. State, 158 P.3d 482 (Okla. Crim. 2007). See Doc. 16.

Jones' Petition and the grounds raised therein were subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). For AEDPA purposes, Jones' convictions in the District Court for Canadian County, Oklahoma, after his pleas of nolo contendere to charges of distribution of child pornography, State v. Jones, No. CF-2004-457, and of child sexual abuse, State v. Jones, No. CF-2004-458, became final on December 16, 2004. The

one-year limitations period began to run on December 17, 2004, and Jones therefore had until December 17, 2005, to seek relief under section 2254. Jones' Petition was executed on August 4, 2011, see Doc. 1 at 14, and file-stamped August 8, 2011. Accordingly, the claims in Jones' Petition were time-barred unless Jones could establish that the one-year limitations period had been tolled.

Because the record revealed that Jones was neither entitled to statutory tolling, e.g., 28 U.S.C. § 2244(d)(2)(time during which properly filed application for post-conviction or other collateral review pending not counted), nor to equitable tolling, e.g., Holland v. Florida, 130 S. Ct. 2549 (2010), the Court, upon de novo review of the record, concurred with Magistrate Judge Roberts' suggested disposition of Taylor's Motion to Dismiss as well as her recommendation that the Court dismiss this matter as time-barred. Accordingly, the Court on December 7, 2011, adopted the Report and Recommendation [Doc. 12] issued on October 14, 2011, and dismissed Jones' Petition with prejudice. See Docs. 17, 18.

Jones filed a Notice of Intent to Appeal [Doc. 19], which the Court construed as a request for a certificate of appealability ("COA"), to appeal the Court's dismissal of the Petition. See 28 U.S.C. § 2253(c)(1)(A). Because the Court had denied the Petition "on procedural grounds without reaching the . . . underlying constitutional claim, . . . [Jones was required to] show[ ] . . . that jurists of reason would find it debatable whether the [P]etition state[d] a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the . . . [C]ourt was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Upon review of the record and after consideration of the second prong of the Court's inquiry under section 2253(c)(2) and Slack, the Court

concluded that "jurists of reason" would not find the Court's dismissal of Jones' claims on procedural grounds debatable or incorrect and declined to issue a COA. See Doc. 22.

On June 11, 2012, the United States Court of Appeals for the Tenth Circuit entered its Order denying a COA, Jones v. Taylor, No. 11-6337 (10th Cir. 2012), after concluding that "[n]o reasonable jurist could debate the correctness of the . . . [C]ourt's decision." Id. slip op. at 5.

In December 2012,[1] Jones filed a Motion for Relief pursuant to Rule 60(b), F.R.Civ.P., challenging the Court's Order and Judgment entered on December 7, 2011. Jones' Motion for Relief was referred to United States Magistrate Judge Suzanne Mitchell, and the matter now comes before the Court on Magistrate Judge Mitchell's Report and Recommendation. See Doc. 32. Jones was advised of his right to object, see id. at 10, but no objections have been filed within the allotted time.

Upon review of the record and in the absence of any objection,[2] the Court finds that Magistrate Judge Mitchell has fully and accurately dealt with the issues presented by Jones in his Motion for Relief, and it concurs with her findings with regard to both the timeliness of the motion under Rule 60(b)(1), (b)(3) and (b)(6), supra, and its merits.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 32] filed on June 7, 2013; and

---

[1]Compare Doc. 30 at 15 (December 4, 2012), with id. at 17 (December 11, 2012), and Doc. 30-7 (December 9, 2012).

[2]In the absence of an objection, the Court may review the Magistrate Judge's Report and Recommendation under any standard that the Court deems appropriate. E.g., Thomas v. Arn, 474 U.S. 140, 150 (1985)(Congress did not intend to require district court to review magistrate's factual or legal conclusions under any standard when neither party objects); Summers v. Utah, 927 F.2d 1165, 1167 (10th Cir. 1991)(district court accorded considerable discretion with respect to treatment of unchallenged magistrate reports).

(2) DENIES Jones' Motion for Relief [Doc. 30] file-stamped December 13, 2012.

ENTERED this 10th day of July, 2013.

                                                 LEE R. WEST
                                                 UNITED STATES DISTRICT JUDGE